## MARY MERRILL versus HANNAH RUSSELL.

In dower, where the demand is against the defendant, as being in possession of the .and, it is a good plea in bar, that he is not the tenant in possession.

THE demand was for dower claimed by the demandant in a certain tract of land, described in the declaration, which set

forth, in common form, the seisin of the husband during the coverture, and alleged that the said *Hannah Russell had entered into the premises, deforced the demandant of her reasonable and legal dower, and still held her out of the same ;* and that on the 18th day of February, 1803, the dower was demanded in due form, &c.

Plea in bar, as to part, that at the time of making the demand, the defendant was not, never since hath been, and still is not the tenant in possession thereof ; and as to the residue, that no demand was made prior to the commencement of the action. The last plea resulted in an issue to the country ; and to the first there was a general demurrer and joinder.

*Chase,* for the demandant, in support of the demurrer, contended that the plea was no answer to the demandant's action ; that the statute has given to the person claiming dower her election to bring the action either against the tenant in possession, or against such person as has, or claims, the right or inheritance in the [ * 470 ] estate ; and therefore the defendant * ought, in her plea, to have disclaimed all right in the lands.

*E. Whitman,* in reply, insisted that no such election was given by the statute ; and that the action must always be brought against the tenant in possession, if there be one ; but if there were no person in the actual possession, then the action might be brought against him who claimed the right or inheritance.

THACHER, J. It appears to me, that the law (*a*) contemplates two descriptions of persons against whom a writ of dower may be brought—*First,* persons in the actual possession of the estate, in which dower is demanded ; and *Secondly,* such persons as have or claim right or inheritance in the estate. The present action is brought against the defendant as tenant in possession, not stating that she has or claims the right or inheritance. The plea, which is confessed by the demurrer to be true, denies that the defendant is the tenant in possession : this sufficiently answers and rebuts the demand in the writ ; and therefore there must be judgment for the defendant, as to that part of the lands in which the demandant claims dower, which is described in the first plea in bar.

SEWALL, J., of the same opinion. The declaration does not allege that the defendant claims the inheritance or right : the plea therefore is a sufficient answer to the action, as it is a direct negative to the material allegations in the writ.

SEDGWICK, J. In this case, the demandant, after setting out her title to dower, alleges that the defendant has entered into the prem ises of which the demandant is dowable, deforced her of her dower

(*a*) Act of March 11, 1784, *sect.* 1, (*stat.* 1783, *c.* 40.)

and holds her out of it. To this demand, the answer of the defendant, by plea, is, that neither at the time the dower was demanded, nor at any time since, was she (*the defendant*) in possession of the * premises in which the dower is demanded. [ * **471** ] To this plea, which contains an express denial of the material facts on which the demandant relies, there is a general demurrer; and nothing can be more certain, than that the plea exhibits a good bar to the demandant's action.

<em>Judgment for the defendant.</em>