Mr. Justice Colcock
delivered the opinion of the court.
This case, in many of the points, is the case of Wilks Brumar (post) and therefore litrle more need he added to the opinion delivered in that case. The prominent points of difference are, that in this case, the action is not brought on the original noté, bata renewal fora balance, part having been paid.
In this case also, the third ground was pressed on the court more strenuously than in the case of Wilks & Brumar, and may therefore require some additional observation. Where a note made bona fide for valuable consideration is brought into the market, it may like any other *176 property, be sold for less than its value. It is then always a question of fact for the jury, whether the note is one of that character, or was made to evade the statute ; and it is clear to my mind, in this case, that the original note was of the latter kind : it had no legal existence until the plaintiff paid a consideration for it $ and the evidence, as well as the verdict of the jury, establish the fact that it was made for the purpose of raising money. According to the settled construction of the statute against usury, when unrestricted by any subsequent enactment, a negotiable instrument, if usurious in its original concoction, is Void in the hands of a bona fide holder, (15 Johnson Rep. 44.) The circumstance Of the order in which the names of the parties to the loan appear upon the instrument, is not the criterion of determining its validity. The question is, whether it was in the first instance employed with a view to a usurious contract ? Thus a note endorsed for the accommodation of the maker, who procures it to be discounted at an illegal rate of interest, is void as against both maker and indorser in the hands of an inno» cent indorsee; for, notwithstanding the indorsement, the transaction contemplated in the creation of the note, was between the maker and the person discounting it. And whether the lender’s name appears upon it or not, in no wise varies the case. (2 John. Ca. 60. 3 Do. 66, 206. 4 Mass. 161. 5 Do. 293. 2 Campbell, 599. 2 Phillips on Evid. p. 13, in note.)
The fact of this note’s being a renewal for a part of ther original contract, it being between two of the parties to the oi’iginal contract, does not vary the case; for where • a bond has been given upon a usurious contract or consideration, which is afterwards cancelled, and a new bond given upon the same terms, it is clear that the substitution of the one security for another, cannot avail the parties to the usury, because, as the second bond was given in consideration of the first, which was paid, it follows that the second must be void also. (Comyn on Usury, p. 183, *177 Cuthbert & Haley, 8 Term Rep. 396. Tale & Wellings, 3 T. R. 537.)
And even if a part of a security be for a valid debt, and part for a usurious transaction, the whole will be infected, and this even where separate notes are given. Thus A. being indebted to B. for different usurious loans, applied to B. for a further advance, which B. agreed to make at the legal rate of interest, provided A’s father would give his security for it, and also for a part of the previous debt, to which A’s father consented, and accordingly accepted three bills ; the two first of which happened exactly to cover the amount of the legal debt. . In an action on the second bill, the Court of Common Pleas held, that the acceptances having been given partly -as a security for an illegal debt, were all tainted with the illegality, and therefore void. (Comyn on Usury, p. 168. 1 Mass. Rep. 349.)
But where a third person, innocent of the usury, takes a new note, it is held valid.' A. for a usurious consideration had given his note to B. who transferred it to C. for a valuable consideration, without any notice of the usury; and A. afterwards gave his bond to C. for the amount of the note. The court held, that this bond was not vitiated in the hands of C. by the original usury, to which he was no party, (8 Term Rep. 390, J for the most obvious reasons as assigned by Lord Kenyon, and all the rest of the judges in their separate opinions ; that this was a new contract between different parties, founded on a new consideration, to-wit, the full amount paid by C. (10 Johnson, 194-5.;
The sixth ground was decided in the case of Executors of Thomas vs. Brown, (1 McCord, 557.) There the drawer was determined to be a competent witness in an action on the note against the indorser.
The motion is refused.